UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------x Docket No.
ABRAM HERAS,

                                        Plaintiff,

              -against-                          COMPLAINT

THE CITY OF NEW YORK, NYC POLICE         JURY TRIAL
OFFICER "JOHN" RODRIGUEZ,  NYC          DEMANDED
POLICE OFFICERS "JOHN DOE # 1", NYC
POLICE OFFICERS "JOHN DOE # 2 & 3",
NYC POLICE OFFICER "JOHN DOE #
4 through 11", NYC CORRECTIONS
OFFICERS "JAMES DOE" #1 through 10
THE STATE OF NEW YORK, and
THE NEW YORK STATE OFFICE OF
COURT ADMINISTRATION,

                                   Defendants.
-----------------------------------------------------------------------------------x
         Plaintiff, ABRAHAM HERAS, by his attorney, Ralph G. Reiser, Esq.,

complaining of the defendants alleges upon information and belief, as follows:

NATURE OF THE ACTION

     1.  This is an action on behalf of Plaintiff ABRAHAM HERAS, who is profoundly deaf

and communicates through American Sign Language.  Plaintiff was subjected to a series of

arrests by Police Officers employed by the City of New York from July through September in

2014 and on February 20, 2016.  In each instance from the time of his arrest to the time of his

court appearance for arraignment, plaintiff was never provided with a qualified sign language

interpreter, despite repeated requests and demands for the assistance of a sign language

interpreter.  Several times, Plaintiff's confinement prior to arraignment was extended and

plaintiff's arraignment and release were delayed because of the failure of the defendants State of

New York and its Office of Court Administration to have a sign language interpreter available at

the Court at such time as plaintiff should have been arraigned.  In addition, on February 20, 2016 plaintiff was subject to a false arrest by NYC Police Officers who arrested him without probable cause and without a warrant giving rise to plaintiff's cause of action for false arrest.  The criminal case was eventually dismissed giving rise to plaintiff's claim for malicious prosecution.  This Complaint states causes of action under federal, state, and city laws for violations of civil rights and discrimination on the basis of disability. It also states causes of action in tort under common law.

PARTIES

2.   At all times hereinafter mentioned, Plaintiff Abraham Heras was and still is a resident of the County of Queens, City and State of New York.  He is a person with a disability, to wit: deafness with an associated inability to speak orally and relies upon American Sign Language as his form of communication.

3.   At all times hereinafter mentioned, Defendant The City of New York was and still is a duly incorporated municipality of the State of New York, and a resident of all five boroughs and Counties of the City of New York.

4.   At all times hereinafter mentioned, the Defendant City of New York owned, operated, maintained an controlled a police department known as the New York City Police Department (NYPD) which is a department and/or agency of the defendant City of New York.

5.   Upon information and belief, at all times hereinafter mentioned, the defendant Police Officer John "Rodriguez" (first name being unknown to plaintiff)  was a resident of the City and State of New York.

6.   Upon information and belief, at all times hereinafter mentioned, the defendant Police Officer

2

John "Rodriguez" (first name being unknown to plaintiff) was employed by the NYPD in the Domestic violence Unit at the NYPD's 103rd Precinct in Jamaica, New York and was the NYPD Officer who arrested plaintiff on September 15, 2014.

7.   Upon information and belief, at all times hereinafter mentioned, the defendant Police Officer "John Doe # 1" (full name being unknown to plaintiff) was a resident of the City and State of New York.

8.   Upon information and belief, at all times hereinafter mentioned, the defendant Police Officer "John Doe # 1" (full name being unknown to plaintiff) was employed by the NYPD at the NYPD's 115th Precinct in Jackson Heights, New York and was the NYPD Officer who arrested plaintiff on July 8, 2014.

9.   Upon information and belief, at all times hereinafter mentioned, defendant Police Officers "John Doe # 2 & 3" (full names being unknown to plaintiff) were residents of the City and State of New York.

10.   Upon information and belief, at all times hereinafter mentioned, defendant Police Officers "John Doe # 2 & 3" (full names being unknown to plaintiff) were employed by the NYPD at the NYPD's 102nd Precinct in Richmond Hill, New York and were the NYPD Officers who arrested plaintiff on July 10, 2014 and July 16, 2014.

11.   Upon information and belief, at all times hereinafter mentioned, defendant Police Officers "John Doe # 4 through11" (full names being unknown to plaintiff) were residents of the City and State of New York.

12.   Upon information and belief, at all times hereinafter mentioned, defendant Police Officers "John Doe # 4 through 11" (full names being unknown to plaintiff)  were employed by the NYPD at the NYPD's Midtown North Precinct in Manhattan, New York and were the NYPD Officers who attacked, assaulted and participated in the arrest of plaintiff on February 20, 2016.

13.   Upon information and belief, at all times hereinafter mentioned, defendant NYC Corrections

Officers  "James Doe # 1 through10" (full names being unknown to plaintiff)  were residents of the City

and State of New York.

14.   Upon information and belief, at all times hereinafter mentioned, defendant NYC Corrections

Officers  "James Doe # 1 through10"(full names being unknown to plaintiff)   were employed by the NY

City Corrections Department at the NY City Criminal Courts Holding Facilities in Queens and Brooklyn

and at the NY City Corrections Department Holding Facility at 1365 Ryawa Avenue, Bronx,  New York

and were the Corrections Officers in whose custody plaintiff was placed while at the said Court and

Corrections Facilities.

15.  At all times herein mentioned, the defendant The State of New York was a state government

established and existing under the Constitutions and laws of the United States and New York State and a

resident of all counties of the State of New York.

16.  At all times herein mentioned the defendant New York State Office of Court Administration

(OCA) was an Office/Department/Bureau/Division of the defendant State of New York and a resident of

all counties established and charged with the ownership, operation, maintenance, control and policy making

of all of the Courts in the State of New York and its Unified Court System, including the New York

County Criminal Court.

<u>JURISDICTION AND VENUE</u>

17.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331 in that this civil rights action arises under federal law, *see* 29 U.S.C. § 794, 42 U.S.C. §

12131 et seq., 42 USC 1983, and the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

The court has supplemental jurisdiction over plaintiff's state and city law claims under 28 U.S.C. §1367 and

principles of pendent and/or ancillary jurisdiction.

18.   This court has *in personam* jurisdiction over Defendants because they are located in, conduct operations within, transact business in and provide services within New York City, and their principal place of activity and operations is located in the City of New York, New York County, State of New York, including the Counties of Queens and Brooklyn.

19.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because the Defendant resides here.

<u>FACTUAL BACKGROUND</u>

20.   On or about July 8, 2014, at approximately 10 AM of that day, Police Officer "John Doe # 1" of the New York City Police Department (NYPD), acting within the scope of his employment arrested plaintiff against his will at his residence at 90-10 34th Avenue, Apt. 1F, Jackson Heights, NY.

21.   Plaintiff was brought to the NYPD's 115th Precinct at 92-15 Northern Blvd., Jackson Heights, NY and confined there against his will.

22.   Plaintiff was confined at the 115th Precinct against his will until approximately 1 PM when he was transported to Queens Central Booking at Kew Gardens, NY and confined there against his will until approximately 7:30 PM.

23.   At approximately 7:30 PM on July 8, 2014, plaintiff was brought before a Judge at the Queens Criminal Court and was arraigned and released.

24.   At all times during his confinement, plaintiff was not provided with a sign language interpreter or other means of effective communication despite his repeated request for such reasonable accommodations.

25.   In response to plaintiff's request for the assistance of a sign language interpreter, plaintiff was told that he would not be provided with a sign language interpreter until he was brought to court.

26.   During his confinement, plaintiff observed a Teletypewriter for the Deaf (TTY) and requested to use it but was told it was broken.

27.   Due to lack of effective communication, during the period of his confinement, plaintiff was never advised of his rights and was never informed of the reason for his arrest and the charges against him he was until brought to court for arraignment.

28.   During the period of his confinement and until his release, plaintiff was confined to filthy cells and deplorable conditions and was mocked and laughed at due to his deafness and inability to speak orally by police officers and/or corrections officers in whose custody he was being held.

29.   During his confinement, plaintiff was deprived of the accommodations given to hearing prisoners, such as the ability to use the phone, to contact and communicate with counsel, to communicate with other prisoners and to communicate with the police officers and/or corrections officers in whose custody he was being held, all causing him extreme distress.

30.   During his confinement, plaintiff was further distressed and emotionally upset for hours because he did not know why he had been arrested, what he was charged with, whether or not he could ever be able to contact family, friends and/or an attorney, how long he would be held, and when he would be brought to court with an opportunity for release.

31.   On or about July 10, 2014, at approximately 7 PM of that day, Police Officers "John Doe # 2 and 3" of the New York City Police Department (NYPD), acting within the scope of their employment arrested plaintiff against his will at his place of business within the City of New York.

32.   Plaintiff was brought to the NYPD's 102nd Precinct at 87-34 118th Street, Richmond Hill, NY and confined there against his will.

33.   Plaintiff was confined at the 102nd Precinct against his will until approximately 9:30 PM when

he was transported to Queens Central Booking at Kew Gardens, NY and confined there against his will from approximately 10 PM on July 10 and until he was arraigned and released at about 12:15 AM on July 12.

34.  Plaintiff was held longer than other prisoners who were brought to Queens Central Booking at the same time of later than him because no interpreter was available or provided at court until late night on July 11 or slightly past midnight on the morning of July 12 .

35.  At all times during his confinement, plaintiff was not provided with a sign language interpreter or other means of effective communication despite his repeated request for such reasonable accommodations.

36.  In response to plaintiff's request for the assistance of a sign language interpreter, plaintiff was told that he would not be provided with a sign language interpreter until he was brought to court.

37.  Due to lack of effective communication, during the period of his confinement, plaintiff was never advised of his rights and was never informed of the reason for his arrest and the charges against him he was until brought to court for arraignment.

38.  During the period of his confinement and until his release, plaintiff was confined to filthy cells and deplorable conditions and was mocked and laughed at due to his deafness and inability to speak orally by police officers and/or corrections officers in whose custody he was being held.

39.  During his confinement, plaintiff was deprived of the accommodations given to hearing prisoners, such as the ability to use the phone, to contact and communicate with counsel, to communicate with other prisoners and to communicate with the police officers and/or corrections officers in whose custody he was being held, all causing him extreme distress.

40.  During his confinement, plaintiff was further distressed and emotionally upset for hours

because he did not know why he had been arrested, what he was charged with, whether or not he could ever be able to contact family, friends and/or an attorney, how long he would be held, and when he would be brought to court with an opportunity for release.

41.   On or about July 16, 2014 plaintiff was arrested against his will at his place of employment at approximately 6 PM by the same police officers who had arrested him on July 10, 2014.

42.   The arresting officers, despite knowing from their recent arrest of plaintiff that plaintiff was deaf and unable to speak orally made no arrangements to have a sign language interpreter present at the time of the arrest or at the Richmond Hill Precinct to which they intended to transport plaintiff.

43.    Plaintiff was brought to the NYPD's 102nd Precinct at 87-34 118th Street, Richmond Hill, NY and confined there against his will.

44.   Plaintiff was confined at the 102nd Precinct against his will until approximately 9:00 PM when he was transported to Queens Central Booking at Kew Gardens, NY and confined there against his will from approximately 9:30 PM on July 16, 2014 and until he was arraigned at about 6:00 PM on July 17.

45.   Plaintiff was held from arraignment longer than other prisoners who were brought to Queens Central Booking at the same time of later than him because no interpreter was available or provided at court until the evening of July 17, 2014.

46.   During arraignment on July 17, 2014, plaintiff was informed he was being held on $3,000 bail.

47.   Having been deprived by lack of effective communication accommodations of his right to contact family members or friends or counsel from the time of his arrest on July 16 until his arraignment on July 17, plaintiff was unable to arrange in advance for any family or friends who might be able to be present at arraignment and to arrange to post bail for him promptly after arraignment, all causing him severe emotional distress, fear and anxiety.

8

48.   Following arraignment and in the absence of any friend, family member or counsel to assist in posting bail, at approximately 8 PM on July 17, 2014, plaintiff was transported against his will and confined against his will to a cell in the New York City Corrections Department Facility at 1365 Ryawa Avenue, Bronx, NY 10474.

49.   Plaintiff remained confined against his will at the Corrections Department's facility in the Bronx without any means of effective communication until plaintiff's brother learned of plaintiff's arrest and need for bail, apparently from plaintiff's assigned counsel, and posted the required bail and arranged for plaintiff's release at approximately 6 AM on July 19, 2014.

50.   At all times during his confinement, plaintiff was not provided with a sign language interpreter or other means of effective communication despite his repeated request for such reasonable accommodations.

51.   Prior to his arraignment on July 17 and in response to plaintiff's request for the assistance of a sign language interpreter, plaintiff was told that he would not be provided with a sign language interpreter until he was brought to court.

52.   Due to lack of effective communication, during the period of his confinement, plaintiff was never advised of his rights and was never informed of the reason for his arrest and the charges against him he was until brought to court for arraignment.

53.   During the period of his confinement and until his release, plaintiff was confined to filthy cells and deplorable conditions and was mocked and laughed at due to his deafness and inability to speak orally by police officers and/or corrections officers in whose custody he was being held.

54.   During his confinement, plaintiff was deprived of the accommodations given to hearing prisoners, such as the ability to use the phone, to contact and communicate with counsel, to communicate

9

with other prisoners and to communicate with the police officers and/or corrections officers in whose custody he was being held, all causing him extreme distress.

55.   During his confinement prior to and subsequent to arraignment, plaintiff was further distressed and emotionally upset for hours because he did not know why he had been arrested, what he was charged with, whether or not he could ever be able to contact family, friends and/or an attorney, whether or not his family would be notified of his need to have bail posted, how long he would be held, and when he would be brought to court with an opportunity for release.  He was humiliated at having a sign posted identifying him as "mute," which sign was subsequently changed to "deaf."

56.   Upon his release, plaintiff was given property and documents that had been taken him during his confinement and observed that said documents provided information about his rights under the Americans with Disabilities Act; information which would have been helpful to him in asserting his rights while confined, but which he had been deprived of during his confinement.

57.   On or about August 28, 2014, while away on vacation, plaintiff received a text from an individual identified as Police Officer Rodriguez from the NYPD Domestic Violence Bureau in Jamaica, Queens requesting to meet with him.

58.   Plaintiff notified his attorney who arranged for plaintiff to appear at the precinct following his return from vacation on September 15, 2014 at 2PM.

59.   Despite having plenty of advance opportunity from August 28 to September 15 to arrange for a sign language interpreter to be present for plaintiff's surrender, Officer Rodriguez and NYPD failed to make such arrangements.

60.   Plaintiff appeared at the 103rd Precinct at 2 PM on September 15, 2014 and was held against his will until approximately 4:30 PM of that day when he was transported to Queens Central Booking

where he was held against his will until he was arraigned and released..

61.  While confined to the 103rd Precinct and Queens Central Booking commencing at

approximately 5 PM on September 15, 2014, plaintiff requested and was denied the assistance of a sign

language interpreter and was unable to know and be informed of the reason for his arrest and detention.

62.  During the period of his confinement on September 15, 2017 and until his release, plaintiff was

confined to filthy cells and deplorable conditions and was mocked and laughed at due to his deafness and

inability to speak orally by police officers and/or corrections officers in whose custody he was being held.

63.  During his confinement, plaintiff was deprived of the accommodations given to hearing

prisoners, such as the ability to use the phone, to contact and communicate with counsel, to communicate

with other prisoners and to communicate with the police officers and/or corrections officers in whose

custody he was being held, all causing him extreme distress..

64.  During his confinement prior to and subsequent to arraignment, plaintiff was further distressed

and emotionally upset for hours because, due to ineffective communication, he did not know why he had

been arrested, what he was charged with, how long he would be held, and when he would be brought to

court with an opportunity for release.

65.  Plaintiff was subsequently granted an Adjournment in Contemplation of Dismissal and the

charges were ultimately dismissed.

66.  On February 6, 2016, plaintiff had regularly scheduled visitation with his daughter, picking her

up from her mother at the Police Station on 42nd Street, Manhattan, as prescribed by Family Court order.

67.  On February 13, 2016, plaintiff was scheduled to have regularly scheduled visitation with his

daughter but was denied such visitation by the mother who claimed the child was ill.  Plaintiff notified the

mother that he would inform his attorney.

11

68.  On February 20, 2016, plaintiff proceeded to the 42nd Street Police Station for his regularly scheduled visitation with his daughter.  While awaiting the arrival of his daughter and her mother, plaintiff received a text from the child's mother at approximately 9:53 AM informing him to go instead to the NYPD's Midtown North Precinct at 306 West 54th Street for visitation.

69.  Upon arriving at the Midtown North Precinct at approximately 10:20 AM, plaintiff observed the child's mother inside the Precinct and texted her, asking her to come outside.

70.  When the child's mother refused to come outside and insisted that plaintiff enter the Precinct, plaintiff concluded that the child's mother was again making false accusations against him as she had in the past and plaintiff decided to leave the location without entering the precinct.

71.  As plaintiff began walking away, approximately 6 or 7 NYC Police Officers "John Doe 4 through 11" came running out of the Midtown North Precinct, forcibly grabbed plaintiff without cause or justification and threw him against the wall of a building.

72.  Plaintiff attempted to communicate with the said Police Officers to inform them that he is deaf, that he had a court order for visitation, that he was having an asthma attack and needed his inhaler, and to inquire as to why he was being arrested.  The Officers refused to allow him to communicate with them and placed his head against the wall and cuffed his hands, which he needed to communicate with, behind his back.

73.  Without explanation, without a warrant and without probable cause, the police officers falsely arrested plaintiff and held him against his will in a cell at the Midtown North Precinct and thereafter, against his will, transported him to the NYPD's 70th Precinct at 154 Lawrence Avenue, Brooklyn, NY 11230.

74.  Plaintiff was confined against his will by NYPD Police Officers from 10:20 AM to

approximately 8:30 PM on February 20, 2016.

75.   At approximately 8:30 PM on February 20, 2016 Plaintiff was transported against his will to the Brooklyn Criminal Court and held there against his will.

76.   Upon his arrival at Brooklyn Criminal Court, no sign language interpreter was provided to plaintiff and his arraignment could not proceed and was delayed.

77.   Plaintiff was thereupon held in 9 different cells throughout the night and through the morning of February 21, 2016.

78.   At approximately 2 PM, an attorney was assigned to plaintiff but no sign language interpreter was provided and plaintiff's arraignment was further delayed.

79.   It was not until approximately 5 PM that an interpreter was provided and plaintiff was able to be arraigned and released.

80.   During this period of confinement, NYPD Officers and NYC Corrections Officers at all locations where plaintiff was held failed and refused to provide plaintiff with the reasonable accommodation of a sign language interpreter; they failed and refused to provide plaintiff with any means to communicate with attorneys, friends, family or others who might provide him with assistance by taking away his texting device and failing and refusing to provide him with a Teletypewriter for the Deaf (TTY) or Videophone, or other communication devices for the deaf.  They failed and refused to comply with his requests to be provided with a sign language interpreter and failed and refused to make phone calls on his behalf and deprived him of the rights and benefits and assistance and communication opportunities available to non-deaf prisoners.

81.   During the period of his confinement and until his release, plaintiff was confined to filthy cells and deplorable conditions and was mocked and laughed at due to his deafness and inability to speak orally

by police officers and/or corrections officers in whose custody he was being held.

82.   During his confinement, plaintiff was deprived of the accommodations given to hearing prisoners, such as the ability to use the phone, to contact and communicate with counsel, to communicate with other prisoners and to communicate with the police officers and/or corrections officers in whose custody he was being held, all causing him extreme distress.

83.   During his confinement prior to and subsequent to arraignment, plaintiff was further distressed and emotionally upset for hours because, due to ineffective communication, he did not know why he had been arrested, what he was charged with, how long he would be held, and when he would be brought to court with an opportunity for release.

84.   During the period of his confinement, plaintiff was deprived of his freedom and liberty.

85.   The charges asserted against the plaintiff in connection with this arrest were ultimately dismissed.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

(Denial of Constitutional Rights)

86.   Plaintiff repeats, reiterates and rea11eges each and every allegation set forth in the preceding paragraphs of this Complaint as if more fully set forth at length herein.

87.   Defendants City of New York, NYC Police Officer "John" Rodriguez and NYC Police Officers "John Doe 1 through 11" acted under color of statute, ordinance, regulation, custom or usage of a State in arresting and confining plaintiff as aforesaid.

88.   As set forth above, Defendants denied Plaintiff of his right to liberty, of the right to give evidence, and to the full and equal protection of all laws and proceedings for the security of persons and property as is enjoyed by non.-disabled citizens. Defendant's actions violate 42 U.S.C. §1983 and the laws

of the State of New York.

89.     Specifically, Defendants stopped, attacked and arrested Plaintiff on February 20, 2016 without a warrant and without probable cause to believe he had committed a crime and intentionally charged him with spurious and/or false offenses solely for the purpose of harassment and degradation.

90.  In addition, at the time of each arrest and confinement hereinbefore mentioned, Defendant City of New York, the Police Officer Defendants, and the Corrections Officer Defendants used excessive force, failed to accommodate plaintiff's hearing and speech impairments, deprived him of equal treatment given to non-disabled detainees and prisoners, deprived him of his rights to reasonable accommodations as provided by Federal Laws, deprived him of his right to counsel, and failed to afford him due process of law.

91.     As the direct and immediate result of the foregoing conduct, Plaintiff bas been caused to suffer damages involving extreme and grievous physical, emotional and psychological trauma, all to his detriment.

92.     The actions described herein were repeated and continuous and constitute not an isolated incident but rather part of a  pattern and practice routinely followed as policy within the New York City Police Department and Corrections Department, indicative of a custom to disregard the constitutional rights of persons who have hearing impairments and associated speech impairments.

93.     The actions described herein clearly violate established statutory and constitutional norms and it was not objectively reasonable for the officers involved to have believed their Conduct could have been legal.

94.     The conduct of The City of New York and its Police Officers violates their own settlement agreement with the United States of America, which directly relate to accommodating those with hearing

15

impairments.

95.     The City of New York is liable for the actions of its police officers under theories

of agency and *respondeat superior.*

AS AND FOR A SECOND CAUSE OF ACTION

(Discrimination based on Disability under City, State and Federal Law)

(NYC, POLICE OFFICERS and CORRECTIONS OFFICERS)

96.     Plaintiff repeats, reiterates and real1eges each and every allegation set forth in the preceding

paragraphs of this Complaint as if set forth more fully and at length herein.

97.     42 U.S.C. §12131 et seq., the Americans with Disabilities Act of 1990 and Title II thereof, The

Rehabilitation Act 29 U.S.C. § 794, Section 296.1(a) of the New York Human Rights Law, N.Y.

Exec. Law § 290 *et seq* . and Title 8 of the New York City Administrative Code, § 8-107, prohibit

discrimination by The City of New York, its police officers and its corrections officers against those with

hearing impairments.

98.     Similarly, The Rehabilitation Act pursuant to § 504 provides, "[n]o otherwise

qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be

excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any

program or activity receiving Federal financial assistance or under any program or activity conducted by any

Executive agency[.]" 29 U.S.C. § 794.

99.     Plaintiff is a profoundly deaf and with an associated speech impairment and primarily

communicates in American Sign Language and is a qualified individual with a disability under the law.

100.    Defendant City of New York is a public entity that receives federal <u>funding</u> and is subject to

the Title IT of the ADA and the Rehabilitation Act.

101.   Moreover, Defendant City of New York and its police and corrections officers who interacted with Plaintiff regarded him as being disabled as they knew he was Deaf and unable to speak orally.

102.   Plaintiff was entitled to the same law enforcement services and the same treatment that Defendant provides to other non-disabled persons.

103.   Specifically, Plaintiff was entitled to the benefit of a lawful exercise of police powers, including but not limited to the right not to be subjected to an unlawful discrimination.

104.   Defendants City of New York and its police and corrections officers discriminated against Plaintiff solely because of his disability and failed to provide reasonable accommodations.

105.   Defendant's actions were taken under circumstances giving rise to an inference of discrimination. Defendant intentionally discriminated against plaintiff and/or was deliberately indifferent towards Plaintiff's rights.

106.   As a direct and proximate result of Defendants discriminatory conduct, Plaintiff suffered adverse consequences. Plaintiff was caused to endure severe extreme humiliation, emotional pain and trauma, all to his detriment

## AS AND FOR A THIRD CAUSE OF ACTION

### (Discrimination based on Disability under State and Federal Law)

### (STATE OF NEW YORK AND OCA)

107.    Plaintiff repeats, reiterates and real1eges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth more fully and at length herein.

108.    42 U.S.C. §12131 et seq., the Americans with Disabilities Act of 1990 and Title II thereof, The Rehabilitation Act 29 U.S.C. § 794, and Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq* ., prohibit discrimination by The State of New York and its Office of Court

Administration.

109.    Similarly, The Rehabilitation Act pursuant to § 504 provides, "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency[.]" 29 U.S.C. § 794.

110.    Plaintiff is a profoundly deaf and with an associated speech impairment and primarily communicates in American Sign Language and is a qualified individual with a disability under the law.

111.    Defendants State of New York and its Office of Court Administration are public entities that receives federal funding and are subject to the Title IT of the ADA and the Rehabilitation Act.

112.    Moreover, Defendant State of New York and its Office of Court Administration and its employees who interacted with Plaintiff regarded him as being disabled as they knew he was Deaf and unable to speak orally.

113.    Plaintiff was entitled to the same Court and Judicial services and the same treatment that Defendants NYS and OCA provides to other non-disabled persons, litigants and criminal defendants.

114.    Specifically, Plaintiff was entitled to the benefit of timely effective communication with respect to all judicial proceedings in which he was a party, including the right to not have his appearances before the Courts delayed due to unavailability of sign language interpreters and the right not to be subjected to an unlawful discrimination.

115.    Defendants State of New York and its OCA discriminated against Plaintiff solely because of his disability and failed to provide reasonable accommodations in the form of timely effective sign language interpreting services.

116.   Defendant's actions were taken under circumstances giving rise to an inference of discrimination. Defendant intentionally discriminated against plaintiff and/or was deliberately indifferent towards Plaintiff's rights.

117.   As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse consequences. Plaintiff was caused to endure severe extreme humiliation, emotional pain and trauma, and deprivation of timely judicial proceedings, all to his detriment.

AS AND FOR A FOURTH CAUSE OF ACTION

(False Arrest)

(CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE 4 through 11")

118.     Plaintiff repeats, reiterates and real1eges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth more fully and at length herein.

119.   At the time of his arrest on February 20, 2016 Plaintiff was not guilty of any crime that could subject him to arrest, and Defendants had no reasonable basis to conclude any such crime had been committed by Plaintiff and no probable cause or warrant to arrest plaintiff.

120.   Nonetheless, Defendants caused Plaintiff to be arrested and held against his will for an extended period.

121.   The charges filed against Plaintiff in Court following his arrest on February 20, 2106 were dismissed.

122.   As the direct and immediate result of the foregoing conduct, Plaintiff has been caused to suffer loss of income and reputation, and extreme and grievous physical, emotional and psychological trauma, all to his detriment.

123.     The City of New York is liable for the actions of its police officers under theories

of agency and *respondeat superior.*

124.  Within 90 days of the occurrence and false arrest herein complained of, plaintiff caused a Notice of Claim sounding in False Arrest to be filed with the Comptroller of the City of New York in accordance with Section 50-e of the General Municipal Law of the State of New York.

125.  More than 30 days have elapsed since the filing of such Notice of Claim and the defendant City of New York has failed and refused to settle and adjust said claim.

126.  This action is commenced within one year and 90 days of the occurrence of the false arrest herein complained of.

127.  The defendant City of New York has waived its right to conduct a 50-h hearing of plaintiff with respect to the claims asserted in the Notice of Claim for False Arrest in that after serving Notice of such hearing it repeatedly adjourned same on the basis that it needed to acquire a certified sign language interpreter and never did resume scheduling such hearing after adjourning same without date.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Assault and Battery)

### (CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE 4 through 11")

128.   Plaintiff repeats, reiterates and real1eges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth more fully and at length herein.

129.  As hereinbefore described, Defendants physically attacked, assaulted, battered invaded Plaintiffs menaced and threatened Plaintiff with the intent of which to inflict harmful or offensive bodily contact, all for the purpose of causing Plaintiff to suffer emotional distress and physical harm and to terrorize him. In fact, Plaintiff was placed in immediate fear of life and limb as a result of this conduct and suffered extreme emotional trauma as a result.

130.   Defendants intentionally subjected Plaintiff to physical injury and placed Plaintiff in apprehension of further harmful touching.

plaintiff against defendants.

nwanted physical touching.

133.   As a direct and immediate result of this touching, Plaintiff was caused to suffer serious bodily trauma and became emotionally upset, all to his detriment.

134.    Defendants' acts were committed with a conscious and deliberate disregard of the interest of others such that their conduct may be called willful or wanton.

135.   The City of New York is liable for the actions of its police officers under theories of agency and *respondeat superior*.

## AS AND FOR A SIXTH CAUSE OF ACTION

(Malicious Prosecution)

(CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE 4 through 11")

136.    Plaintiff repeats, reiterates and real1eges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth more fully and at length herein.

137.   Following their arrest of plaintiff on February 20, 2016, defendants commenced a criminal proceeding against plaintiff in Brooklyn Criminal Court.

138.   The criminal proceeding was terminated in plaintiff's favor and was dismissed.

139.   The criminal charge was initiated and prosecuted without probable cause.

140.   The criminal charge brought out of actual malice.

141.   Defendants acted with malice in initiating the aforesaid criminal proceeding against plaintiff in that the accusations they made against plaintiff were false and were made with reckless disregard for the truth.

142. The malicious prosecution of plaintiff by the defendants caused plaintiff loss of his freedom and damage to his reputation and has resulted in permanent and severe emotional, psychological and physical harm to plaintiff, all to his damage.

143. Within 90 days of the resolution of the criminal charges initiated against plaintiff by defendants in a disposition favorable to plaintiff herein, plaintiff caused a Notice of Claim sounding in Malicious Prosecution to be filed with the Comptroller of the City of New York in accordance with Section 50-e of the General Municipal Law of the State of New York.

144. More than 30 days have elapsed since the filing of such Notice of Claim and the defendant City of New York has failed and refused to settle and adjust said claim.

145. This action is commenced within one year and 90 days of the termination of the criminal action in favor of plaintiff and the accrual of the claim for Malicious Prosecution.

146. The defendant City of New York has waived its right to conduct a 50-h hearing of plaintiff with respect to the claims asserted in the Notice of Claim for Malicious Prosecution in that after serving Notice of such hearing it repeatedly adjourned same on the basis that it needed to acquire a certified sign language interpreter and never did resume scheduling such hearing after adjourning same without date.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (Negligent Hiring and Supervision of Employees)

### CITY OF NEW YORK

147. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth more fully and at length herein.

148. The City of New York knew or should have known that the police officers who dealt with Plaintiff as described herein bad the propensity to expose persons like Plaintiff to the harms

described herein, yet the City of New York still retained these officers and thereby enabled them to take such actions

149.    Moreover, the City of New York could have prevented the injuries sustained by Plaintiff if it bad not negligently failed to supervise and train the police officers who dealt with Plaintiff so as to prevent their harmful and injurious behavior.

## AS AND FOR A EIGHTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

## THE STATE OF NEW YORK & CITY OF NEW YORK

150.    Plaintiff repeats, reiterates and real leges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth more fully and at length herein.

151.    Money damages are insufficient to fully address the claims set forth herein, particularly those that involve deprivation of access to the Courts and deprivation of the right to counsel and irreparable injury will result unless Plaintiff is granted a permanent injunction requiring the New York City Police Department and NYS Office of Court Administration to provide sign-language interpreters to hearing-impaired persons who are arrested and incarcerated.

**WHEREFORE**, Plaintiff demands judgment as follows:

On each of the First through Seventh Causes of Action, judgment against the Defendants and an award of compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of Five Million Dollars together with costs, disbursements and attorneys fees and

On the Eighth Cause of Action a judgment against Defendants and a permanent injunction requiring the New York City Police Department and Office of Court Administration to have proper training, policies, and procedures in place and provide reasonable accommodations such as sign-language interpreters

to all hearing-impaired persons upon arrest and incarceration, and further relief as this Honorable Court deems just, equitable and proper.

JURY DEMAND

Plaintiff demands Trial by Jury of all causes of action so triable.

Dated: Syosset, NY
          February 21, 2017

                                        /s/ Ralph G. Reiser
                                        RALPH G. REISER, ESQ. (rr6700)
                                        Attorney for Plaintiff
                                        3 Walnut Drive
                                        PO Box 171
                                        Syosset, NY 11791
                                        516-496-9745
                                        516-496-9754 TDD/FAX
                                        516-638-6130 VP
                                        Reiserlaw@aol.com

24